UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

United States of America      \*
                              \*
v.                            \*     Case No. 1:12-cr-10264-RGS-4
                              \*
Danny Veloz , et al           \*
                              \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

NOW COMES the Elliot Hospital, by and through its attorneys, Wadleigh, Starr & Peters, PLLC, and moves to quash a subpoena issued by counsel for Danny Veloz in the above-captioned matter:

1. This Court should quash the Subpoena to Produce Documents, Information, or Objects in a Criminal Case that counsel for Danny Veloz served upon the Elliot Hospital in the above-captioned matter for the three reasons set forth below.

2. The subpoena seeks medical records for an individual who was purportedly treated at the Elliot Hospital between August 15, 2011 and October 15, 2011. A copy of the subpoena is attached as Exhibit 1.

3. First, the subpoena includes no evidence that a copy of it was served upon any of the other parties to the above-captioned matter. See Fed. R. Crim. P. 49(a); LR, D. Mass. 5.2(b)(2).

4. Second, Mr. Veloz's counsel did not serve a witness fee with the subpoena, in violation of Fed. R. Crim. P. 17(d). Ex. 2.

5. Strict compliance with the subpoena rules is required. E.g. United States v. Davenport, 312 F.2d 303, 306-207 (7th Cir. 1963).

6.   Third, Mr. Veloz's counsel did not provide satisfactory assurances that the individual who is the subject of the subpoena was given notice and the opportunity to object to his medical records being searched and produced.

7.   Federal privacy law allows a covered entity, such as the Elliot Hospital, to produce protected health information "[i]n response to a subpoena," but the law also requires that the covered entity "receive[] satisfactory assurance…from the party seeking the information that reasonable efforts have been made by [the party issuing the subpoena] that the individual who is the subject of the protected health information that has been requested has been given notice of the request." 45 C.F.R. § 164.512(e)(1)(ii)(a); see id. at (e)(1)(iii)(A-B)(defining "satisfactory assurances.")

8.   Because Mr. Veloz's counsel has not provided satisfactory assurance in connection with the subpoena, the Elliot Hospital cannot respond to the subpoena without violating federal law.

## Conclusion

9.   The Elliot Hospital will comply with a valid subpoena that complies with applicable procedural and substantive requirements, but it cannot comply with the subpoena that has been served upon it. The subpoena should be quashed.

WHEREFORE, the Elliot Hospital respectfully requests that:

A. This Court quash the subpoena issued by counsel for Danny Veloz; and

B. This grant such further relief as is reasonable and just.

                              Respectfully submitted,

                              Elliot Hospital

                              By its attorneys,

                              WADLEIGH, STARR & PETERS, PLLC

Dated: November 3, 2016        By:   /s/ Frank P. Spinella
                                                Frank P. Spinella, Jr. – BBO # 566536
                                                95 Market Street
                                                Manchester, NH  03101
                                                (603) 669-4140
                                                fspinella@wadleighlaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via ECF to all counsel of record.

                              /s/ Frank P. Spinella
                              Frank P. Spinella, Jr.

G:\D51500\51871\Veloz Motion to Quash.docx